UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1476 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, ET AL. V. SMITH-EMERY COMPANY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| MONICA SALCIDO | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant | |
| Marija Decker | Gregory Wolflick<br>Christina Mitchell<br>Holger Besch | |

**Proceedings:** PLAINTIFFS' MOTION FOR ATTORNEY'S FEES (Docket #192, filed August 12, 2013), DEFENDANT'S MOTION FOR ATTORNEY'S FEES (Docket #197, filed August 12, 2013)

## I. INTRODUCTION

On March 2, 2009, plaintiffs Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation Holiday Savings Trust, and Trustees of the Operating Engineers Training Trust ("Trustees") filed this ERISA action pursuant to 29 U.S.C. §§ 1132(g) and 1145 against defendant Smith-Emery Company ("SEC"). Plaintiffs alleged that defendant failed to make all required trust fund contributions as required by a collective bargaining agreement ("CBA") between SEC and the International Union of Operating Engineers, Local Union No. 12 ("Local 12").

By order dated November 2, 2012, this Court granted partial summary judgment in favor of plaintiffs. Summ. J. Order, Dkt. #129. This Court held a bench trial on plaintiffs' remaining claims from December 11 to 14, 2012. On July 5, 2013, the Court issued findings of fact and conclusions of law ("FFCL"), finding in favor of plaintiffs in the amount of $119,667.87, plus double interest on unpaid trust fund contributions, and attorney's fees pursuant to 29 U.S.C. § 1132(g)(2). FFCL ¶¶ 115-16, Dkt. #186.

Plaintiffs filed a motion for attorney's fees on August 12, 2013. Dkt. #192. Defendant filed an opposition on August 26, 2013, Dkt. #203, and plaintiffs filed a reply

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1476 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, ET AL. V. SMITH-EMERY COMPANY | | |

on August 30, 2013, Dkt. #205. Defendant filed a motion for attorney's fees on August 12, 2013. Dkt. #197. Plaintiffs filed an opposition on August 26, 2013, Dkt. #201, and defendant filed a reply on August 30, 2013, Dkt. #206.[1] The Court held a hearing on both motions on September 16, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II.     BACKGROUND

The facts of this case are complex and lengthy. They are set forth in detail in the Court's FFCL, Dkt #186, and the Court's order granting partial summary judgment to plaintiffs, Dkt. #129. The facts relevant to decision on the pending motions are as follows.

Plaintiffs filed this action in March 2009, alleging that defendant failed to make contributions to plaintiffs' trust funds as required by the CBA. The causes of action were breach of contract, Compl. ¶¶ 16-25, and section 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145, Compl. ¶¶ 26-32.[2] Plaintiffs requested that the Court award them unpaid fringe benefit contributions, damages for breach of contract, liquidated damages, interest, reasonable attorney's fees and costs, and a good faith deposit or performance bond. Compl. Prayer Relief ¶¶ 1-6. Plaintiffs did not allege a specific amount of damages, but instead alleged claims for damages to be proved at a later date. Id. ¶¶ 1-3. During litigation, plaintiffs completed an audit of defendant's payroll records for the purpose of determining the amount of unpaid fringe benefit contributions. Summ. J. Order 3. The initial form of the audit was divided into subparts A through K. Each subpart contained an alleged category of unpaid benefit contributions owed by defendant to plaintiffs. Id. A revised form of the audit, issued on June 29,

---

[1] Because these motions involve substantially overlapping legal and factual issues, the Court addresses both motions in this order.

[2] The complaint also alleged a third cause of action called "Breach of Contract for Contractual Bond," Compl. ¶¶ 33-34, which is more properly viewed as a remedy, and not a cause of action. See 1 Witkin, Summary of Cal. Law, Contracts § 515 (10th ed. 2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1476 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, ET AL. V. SMITH-EMERY COMPANY | | |

2012, formed the basis for plaintiffs' motion for summary judgment. Id. The revised audit omitted subparts D, I, and J. Id. The remaining subparts of the audit were divided as follows:

- Subpart A covered alleged clerical errors that resulted in underpayment.
- Part B covered alleged unpaid contributions for employee travel time.
- Part C covered alleged unpaid contributions for holiday hours.
- Parts E, F, and G covered alleged unpaid contributions for employees and sub-employees of defendant. Plaintiffs alleged that these personnel were covered by the CBA, and that defendant therefore owed benefit contributions based on the hours worked by those employees. Defendant denied that these employees were covered.
- Part H covered alleged unpaid contributions for work performed by defendant for the Los Angeles Unified School District
- Parts I and K covered "cash disbursements" allegedly made to other inspection companies who were performing work within the geographical area covered by Local 12's CBA with defendant

Id. at 3-4. At the time of summary judgment, plaintiffs were seeking $920,994.53 in unpaid fringe benefit contributions, plus interest, based on the results of the revised audit. Id. at 4.

The Court's grant of partial summary judgment in plaintiffs' favor addressed several threshold issues, including the collateral estoppel effect (or lack thereof) of a prior arbitration decision, id. at 7-9 and the proper interpretation of various terms of the CBA, id. at 9-21. The Court also found that plaintiffs were entitled to summary judgment on the issue of unpaid fringe benefit contributions related to employee travel time, covered in Part B of the revised audit. Id. at 31-32.[3] The Court denied summary judgment on all remaining issues in the case.

---

[3] Based on the evidence introduced at trial, the Court ultimately determined that defendant did not owe any contributions based on employee travel time. FFCL ¶¶ 63, 73.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1476 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, ET AL. V. SMITH-EMERY COMPANY | | |

By the time of trial, only parts A, B, E, F, G, I, and K of the audit remained, as a result of various revisions. FFCL ¶ 3. Plaintiffs were unable to prove that they were owed contributions from work covered by parts B, E, F, or G of the audit. Regarding part B, plaintiffs were unable to show that Local 12 and defendant ever agreed that the CBA's adopted after a 2003 settlement agreement would require fringe benefit contributions for travel time. Id. ¶ 63. Regarding parts E, F, and G, plaintiffs were unable to prove that contributions were owed for any of the work covered by these subparts, and were also unable to make a threshold showing sufficient to invoke the burden-shifting rule set out in Brick Masons Pension Trust v. Indus. Fence & Supply, Inc., 839 F.2d 1333 (9th Cir. 1988). Id. ¶ 103.

At trial, plaintiffs proved that they were owed $119,667.87 in unpaid fringe benefit contributions. FFCL ¶ 115. Plaintiffs proved that they were owed $5,335.54 under Part A of the audit, and $114,332.33 under Parts I and K of the audit.[4] Id. The unpaid contributions in Part A arose from clerical errors. Id. Regarding Parts I and K, defendant did not dispute that it owed contributions for work performed by DC Inspections. Id. ¶ 65. Defendant challenged the sufficiency of plaintiffs' showing as to work performed by Forest Products Inspection, Inc., but offered no evidence in response to plaintiffs' showing that at least some of the work performed by Forest Products occurred within the geographical area covered by the CBA. Id. at 66. The unpaid contributions arising from work performed by DC Inspections and Forest Products totaled $77,666.45. Id. ¶ 115.

The remainder of the unpaid contributions in Parts I and K, totaling $36,665.88, arose from application of the burden-shifting rule set forth in Brick Masons. Id. ¶ 105. Defendant did not dispute that it failed to maintain adequate records for the time period at issue, and plaintiffs were able to provide "circumstantial evidence" that defendant subcontracted work covered by the CBA. On this basis, the Court found that the burden shifted to defendant to show the "extent of the unreported covered work." Id. ¶ 105 (quoting Motion Picture Indus. Pension & Health Plans v. N.T. Audio Visual Supply, Inc., 259 F.3d 1063, 1066 (9th Cir. 2001)). Defendant did not meet its burden, because it

---

[4]While Part I did not appear in the revised audit used in plaintiffs' motion for summary judgment, it formed part of the basis for plaintiffs' claim at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1476 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, ET AL. V. SMITH-EMERY COMPANY | | |

did not produce any evidence that the unreported work was not covered by the CBA. Id. at 109.

The Court entered judgment for plaintiffs in the amount of $199,591.72 after including the double interest owed on the unpaid contributions. J. Order, Dkt. #208.

### III.   LEGAL STANDARD

In an action by a fiduciary to enforce section 515 of ERISA, 29 U.S.C. § 1145, in which the plan obtains a judgment in its favor, the court is required to award the plan "reasonable attorney's fees and costs of the action, to be paid by the defendant." Id. § 1132(g)(2)(D); Nw. Adm'rs. Inc. v. Albertsons, Inc., 104 F.3d 253, 257 (9th Cir. 1996). The amount of fees is calculated "using a hybrid lodestar/multiplier approach." McElwaine v. US West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999). "To calculate the 'lodestar' amount, [courts] multiply the number of hours reasonably expended by the attorney(s) on the litigation by a reasonable hourly rate." Id.

In rare cases, a multiplier may be used to adjust the lodestar amount upward or downward, based on a multi-factor test developed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), and Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975). Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000). The factors, sometimes known as the Kerr/Johnson factors, are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) the result obtained; (7) time limitations imposed by the client or the circumstances; (8) the experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. Van Gerwen, 214 F.3d at 1045 n.2. Several of these factors are ordinarily subsumed in the lodestar calculation, including factors (1), (2), (3), (6) and (8). See Blum v. Stenson, 465 U.S. 886, 900 (1984) (citing Hensley v. Eckerhart, 461 U.S. 424, 434-35 (1983)); Mardirossian v. Guardian Life Ins. Co., 457 F. Supp. 2d 1038, 1045-46 (C.D. Cal. 2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1476 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, ET AL. V. SMITH-EMERY COMPANY | | |

However, in cases where the court is unable to identify the hours spent on unsuccessful claims, the court has the discretion to reduce the total lodestar amount to account for the limited success. See Hensley, 461 U.S. at 436-37. In Schwarz v. Secretary of Health & Human Services, for example, the plaintiff "maintained that she was entitled to all hours expended by her attorneys" and therefore "made no effort to identify for the district court which of the hundreds of hours were spent on the unsuccessful claims." 73 F.3d 895, 904 n.3 (9th Cir. 1995). The Court of Appeals affirmed the district court's reduction of the lodestar amount by more than 50 percent, see id. at 900, 904-05, explaining that it did not abuse its discretion by "resort[ing] to a mathematical formula, even a crude one, to reduce the fee award to account for limited success," id. at 905.

## IV. DISCUSSION

### A. The Parties' Requests for Attorney's Fees

Plaintiffs request attorney's fees of $1,027,899.50, Pl. Mot. Att'y Fees 2, based on a strict application of the lodestar method, without an enhancing or reducing multiplier, id. at 5-7. In support of their request, they argue that an award of attorney's fees is mandatory under ERISA because plaintiffs prevailed in an action to collect benefit fund contributions. Id. (citing 29 U.S.C. § 1132(g)(2)). Plaintiffs contend that they prevailed on all of their claims, so it would be inappropriate to reduce the lodestar amount to account for hours spent on unsuccessful claims. Pl. Reply Mot. Att'y Fees 2-4. Plaintiffs further argue that they would still be entitled to attorney's fees if their request were evaluated under 29 U.S.C. § 1132(g)(1) and the factors set forth in Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980). Id. at 4-7.

In response, defendant argues that this case arises only partially under 29 U.S.C. § 1132(g)(2) or not at all. Def. Opp. Mot. Att'y Fees 8-13. In this regard, defendant contends that plaintiffs filed this action to compel production of documents so that plaintiffs could audit defendant's records and determine if unpaid contributions were owed. Id. at 8-11. Therefore, defendant argues, the Court has discretion to award it attorney's fees pursuant to 29 U.S.C. 1132(g)(1), based on plaintiffs' relatively small monetary recovery in relation to the amounts of unpaid contributions set forth in various versions of plaintiffs' audit. Id. at 5-7, 11-12 (citing Hummell, 634 F.2d at 453).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1476 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, ET AL. V. SMITH-EMERY COMPANY | | |

Alternatively, defendant argues that the part of this case concerning the scope, interpretation, and coverage of the CBA arises under 29 U.S.C. 1132(g)(1), and that the Court should exercise its discretion to award attorney's fees to defendant pursuant to that provision. Id. at 11-12.

To the extent that this case arises under 29 U.S.C. 1132(g)(2), defendant argues that plaintiffs' requested fees should be reduced to reflect their lack of success in proving unpaid contributions for several audit subparts. Id. at 6-9 (citing Hensley, 461 U.S. at 434). Defendant argues that plaintiffs' billing records show that they spent only 30 minutes litigating issues on which they were ultimately successful, for a total of $140.00.[5] Id. at 9. Moreover, defendant argues that plaintiffs' request for $260,790 in fees related to discovery is improper because these fees were incurred before completion of the audit, so plaintiffs could not have been aware of unpaid fringe benefit contributions at that time. Therefore, the action was not, at the time the fees were incurred, an action to collect unpaid contributions under 29 U.S.C. § 1145. Id. at 11.

The Court finds that this case is covered in its entirety by 29 U.S.C. 1132(g)(2). First, the Court finds that this was "an action . . . by a fiduciary to enforce [29 U.S.C. § 1145]." 29 U.S.C. § 1132(g)(2). Leaving aside the claim for a performance bond, which is better viewed as a remedy, the complaint alleges two claims for relief: one for breach of the CBA, Compl. ¶¶ 16-25, and one for violation of 29 U.S.C. § 1145, id. ¶¶ 26-32. Both claims are grounded on the allegation that defendant failed to make required fringe benefit contributions as required by the CBA. See id. To the extent that this involves issues related to interpretation of the CBA, and defendant's responsibilities in making its records available for an audit, these issues are significant only because they are necessary for determining the amount of unpaid fringe benefit contributions.[6] Second, plaintiffs

---

[5] It is noteworthy that defendant requests $1,482,579.20 in attorney's fees, and $19,580 in costs, while suggesting that plaintiffs are entitled to $140.00.

[6] Defendant's reliance on Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp., 920 F.2d 1491 (9th Cir. 1990) is misplaced because the plaintiffs in that case sought only to compel the defendant to submit to an audit; the plaintiffs did not allege a claim for unpaid contributions. Id. at 1492.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1476 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, ET AL. V. SMITH-EMERY COMPANY | | |

obtained a judgment in their favor, reflecting $119,667.87 in unpaid benefit contributions.  See 29 U.S.C. § 1132(g)(2); J. Order.

    Because this is an action governed by 29 U.S.C. 1132(g)(2), the Court is required to award attorney's fees in favor of plaintiffs.  See id. § 1132(g)(2)(D); Nw. Adm'rs., 104 F.3d at 257.  The Court applies the lodestar/multiplier approach to determine the appropriate amount of fees to award.  McElwaine, 176 F.3d at 1173.  The Court accepts plaintiffs' initial lodestar calculation of $1,028,899.50 as a reasonable measure of the labor expended on this case as a whole.  Plaintiffs' declaration as to the market rate for attorneys engaged in this type of litigation is a sufficient basis for establishing a reasonable hourly rate.[7]  See, e.g. Mardirossian, 457 F. Supp. 2d at 1046; Nicodemo Decl. 2-3.  Furthermore, the number of hours appears reasonable based on the complexity of the case as a whole.  The lodestar also appears reasonable based on an examination of the Kerr/Johnson factors that are subsumed in the lodestar calculation.[8]  See, e.g., Blum, 465 U.S. at 900.  As relevant here, this case involved substantial time and labor, and involved highly technical issues related to the job descriptions of specialists in the construction industry.  In addition, the plaintiffs' attorneys are experienced in the field of ERISA litigation, Decker Decl. 6-7.  Except for the result obtained, discussed separately below, none of the Johnson/Kerr factors that are subsumed in the lodestar calculation weigh against plaintiffs.

    Having concluded that plaintiffs' lodestar figure is reasonable based on all but one of the Kerr/Johnson factors, the Court finds that the lodestar should nonetheless be reduced by 50 percent to account for the result obtained by plaintiffs.[9]  See Schwarz, 73

---

    [7]Defendant does not appear to challenge the reasonableness of the hourly rates charged by plaintiffs' counsel.

    [8]Defendant does not provide an alternative lodestar figure for plaintiffs' attorney's fees, other than its suggestion that plaintiffs billed only $140.00 while litigating issues on which they ultimately prevailed.

    [9]While the "result obtained" factor is often subsumed in the lodestar calculation itself, see, e.g., Blum, 465 U.S. at 900, it was not subsumed here.  Plaintiffs' billing records are not sufficiently detailed to allow the Court to distinguish hours related to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1476 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, ET AL. V. SMITH-EMERY COMPANY | | |

F.3d 895, 904-05; Stallworth v. Northrop Grumman Ship Systems, Inc., 385 Fed. Appx. 408, 410-11 (5th Cir. 2010) (upholding Benefits Review Board's affirmance of 50 percent reduction in attorney's fee request based on "fail[ure] to succeed on the major issue" in the case); Veneziano v. Long Island Pipe Fabrication & Supply, 79 Fed. Appx. 506, 510-11 (3d Cir. 2003); Harris v. Marhoefer, 24 F.3d 16, 18-19 (9th Cir. 1994) (upholding district court's reduction of lodestar figure by 50 percent based on degree of plaintiffs' success); Harris v. McCarthy, 790 F.2d 753, 757-58 (9th Cir. 1986). The Court concludes that this multiplier is appropriate based on the ratio of audit subparts for which plaintiffs proved unpaid contributions (three), to the subparts for which plaintiffs did not prove such contributions (four). See Schwarz, 73 F.3d at 905. This ratio is close to 1:1, which equates to a 50 percent reduction.

While plaintiffs successfully proved at trial that defendant owed contributions identified in parts A, I, and K of the audit, plaintiffs were unable to prove unpaid contributions in parts B, E, F, and G. Furthermore, plaintiffs' request for unpaid contributions based on parts E, F, and G of the audit lacked evidentiary support. For example, plaintiffs' witness who testified that adhesion/cohesion testing was covered work under the CBA had not worked in the field for over a decade, and lacked personal knowledge of defendant's operations in particular. FFCL ¶ 44. Similarly, multiple witnesses, including several of plaintiffs' witnesses, testified that torque tests, high strength bolt inspections, pull and proof load tests, and epoxy dowel inspections were not traditionally performed by building construction inspectors ("BCIs"). Id. ¶ 54. Accordingly, the Court will apply a 50 percent multiplier to plaintiffs' lodestar figure, for a total attorney's fee award of $513,949.75.

Defendant requests $1,482,579.20 in attorney's fees, and $19,580 in costs. Def. Notice Mot. Att'y Fees 2. Defendant argues, as it did in its opposition to plaintiffs' motion for attorney's fees, that this action arises entirely, or at least partially, under 29 U.S.C. § 1132(g)(1). Def. Mot. Att'y Fees 6. Applying the factors set forth in Hummell, 634 F.2d at 453, defendant argues that the Court should exercise its discretion to award

---

audit subparts B, E, F, and G, from hours related to audit subparts A, I, and K. It is therefore appropriate to account for the result obtained through use of a multiplier, as it was in Schwarz. See Schwarz, 73 F.3d 904-05.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1476 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, ET AL. V. SMITH-EMERY COMPANY | | |

attorney's fees to defendant. Id. at 13-22. In addition, defendant argues that it should be awarded attorney's fees based on the Court's inherent authority, separate from ERISA, to sanction plaintiffs for litigating in bad faith. Id. at 22-25; Reply Def. Mot. Att'y Fees 4-10 (citing Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991)). Plaintiffs argue in response that the Court lacks discretion to award attorney's fees to defendant because this entire action arises under 29 U.S.C. § 1132(g)(2). Opp. Def. Mot. Att'y Fees 1-6. Furthermore, plaintiffs argue that the Hummell factors weigh against awarding attorney's fees to defendant, even if part of this action arises under 29 U.S.C. § 1132(g)(1). Id. at 8-20. Plaintiffs argue that defendant "demonstrated bad faith at every stage of this case," id. at 9-12, while plaintiffs did not because they had a reasonable belief that the work covered by parts B, E, F, and G of the audit was subject to the CBA, id. at 12-18. Plaintiffs argue that they have a limited ability to pay a fee award, and cite the fact that the Operating Engineers Pension Plan is in danger of becoming insolvent. Id. at 18-19. Plaintiffs also argue a fee award in favor of defendant would be contrary to ERISA's purpose of "mak[ing] it easier for Trustees to be made whole when initiating collection actions." Id. at 19. Plaintiffs further argue that an award of fees in defendant's favor would "reward [defendant] for refusing to comply with its obligations under ERISA." Id. at 20.

Plaintiffs contend that defendant's request for attorney's fees based on the Court's inherent authority to sanction a party for litigating in bad faith should fail for the same reasons as its request for fees under 29 U.S.C. § 1132(g)(1). Id. at 20-22. Finally, plaintiffs argue that any award of attorney's fees to defendant should be reduced because many of the billed hours are excessive or duplicative. Id. at 22-24.

The Court is precluded from awarding fees to defendant because the Court finds that this is an action in which judgment was awarded in favor of plaintiffs' various trusts. See 29 U.S.C. § 1132(g)(2). Defendant argued at the hearing held in this Court on September 16, 2013, that Paddack v. Morris, 783 F.2d 844, 846-47 (9th Cir. 1986), supports its argument that the Court may award it attorney's fees based on plaintiffs' relatively small recovery in relation to the overall unpaid contributions sought in this action. However, Paddack is distinguishable. There, the Court found that the plaintiff trustees had failed to prove the existence of any unpaid contributions. Id. at 845. Therefore, the district court treated the defendant employer's motion for attorney's fees

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1476 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, ET AL. V. SMITH-EMERY COMPANY | | |

as arising under 29 U.S.C. § 1132(g)(1). Finally, to the extent that the Court is empowered to sanction either party for litigating in bad faith, the Court declines to do so.

### B.     The Parties' Requests for Litigation Costs

Plaintiffs request $21,532.42 in taxable costs pursuant to 28 U.S.C. § 1920, and other litigation costs of $64,042.35. Pl. Mot. Att'y Fees 10. Plaintiffs also request $16,675.00 in audit fees pursuant to 29 U.S.C. § 1132(g)(2)(E) on the ground that the trust agreements require an employer found to be delinquent during an audit to bear "the full amount of auditing costs incurred by the [t]rust in connection with such delinquency." Id. at 11 (citing Babel Decl. ¶ 4, Ex. A). Defendant does not directly address plaintiffs' request for costs, but the Court assumes that defendant opposes the request on the same basis as plaintiffs' request for attorney's fees.

As the prevailing party, plaintiffs are entitled to request that the clerk tax costs for fees of the clerk and Marshal, fees related to service of the summons and complaint, deposition-related fees, witness-related fees, and copying expenses. 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)(1); C.D. Cal. L.R. 54-3. After costs have been taxed by the Clerk, the Court will review the Clerk's conclusion if requested to do so by motion. Fed. R. Civ. P. 54(d)(1); C.D. Cal. L.R. 54-8.

The Court finds that plaintiffs are entitled to their other litigation costs, including audit fees. Litigation expenses are recoverable as attorney's fees "when it is 'the prevailing practice in a given community' for lawyers to bill those costs separately from their hourly rates." Trustees of Const. Indus. & Laborers Health and Welf. Trust v. Redland Ins. Co., 460 F.3d 1253, 1258 (9th Cir. 2006). The Court is persuaded that plaintiffs' "copying, printing, faxing, and related costs," as well as its attorney service fees, shipping and postage fees, online research fees, transportation costs, mediator fees, and trial exhibit tag fees are customarily billed separately from hourly rates. Accordingly, the Court awards plaintiffs their non-taxable litigation costs plus their requested audit fees, for a total of $80,717.35.

Defendant requests a total of $19,580 in costs, but does not distinguish between taxable costs and other costs. Def. Notice Mot. Att'y Fees 2. The Court finds that defendant is not entitled to these costs, however categorized. Defendant is not the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1476 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, ET AL. V. SMITH-EMERY COMPANY | | |

prevailing party for the purpose of awarding taxable costs pursuant to 28 U.S.C. § 1920, and the Court is precluded from awarding defendant other costs as attorney's fees, see 29 U.S.C. § 1132(g)(2)(D).

**V.    CONCLUSION**

Based on the foregoing, the Court hereby GRANTS plaintiffs' motion for attorney's fees in the amount of $513,949.75, plus $80,717.35 in non-taxable costs, for a total of $594,667.10.  The Court DENIES defendant's motion for attorney's fees.

IT IS SO ORDERED.

|  | 00 | : | 11 |
|---|---|---|---|
| Initials of Preparer | MS | | |