| Case No. | 2:09-cv-01476-CAS (VBKx) | Date | August 14, 2017 |
|---|---|---|---|
| | 2:13-cv-09545-CAS (VBKx) | | |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION FOR RECONSIDERATION (Filed May 5, 2017, Case No. 2:09-cv-01476-CAS dkt. 312, Case No. 2:13-cv-09545-CAS dkt. 98)

PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT (Filed July 17, 2017, Case No. 2:09-cv-01476-CAS dkt. 319, Case No. 2:13-cv-09545-CAS dkt. 105)

## I. PROCEDURAL HISTORY AND BACKGROUND

These actions are ERISA trust fund collection suits. Defendant Smith-Emery Company ("SEC") is a signatory to a collective bargaining agreement ("CBA") with the International Union of Operating Engineers, Local Union No. 12 ("Local 12"). Defendant and Local 12 perform field inspection work on construction projects within Local 12's geographic jurisdiction. Pursuant to the CBA, defendant must pay fringe benefit contributions for the hours worked by covered employees to four distinct fringe benefit trust funds.

On March 2, 2009, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation Holiday Savings Trust, and Trustees of the Operating Engineers Training Trust (collectively, "Trustees") initiated a suit to collect ERISA trust fund contributions from SEC pursuant to 29 U.S.C. §§ 1132(g) and 1145. Case No. 2:09-cv-01476-CAS ("the First Action") Dkt. 1. Plaintiffs allege in the First Action that based upon their audit of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (VBKx) <br> 2:13-cv-09545-CAS (VBKx) | Date | August 14, 2017 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

the hours worked from March 1, 2003, through December 31, 2009, SEC has failed to make all the required trust fund contributions for that period.

In their respective motions for summary judgment in the First Action, the parties disputed the preclusive effect of an arbitration award from 2006, granted during arbitration between Local 12 and SEC. The Court ruled in favor of defendant, finding that the arbitrator's decision did not have the preclusive effect sought by Trustees. First Action Dkt. 129. On August 30, 2013, after a bench trial, the Court entered judgment in Trustees' favor. Id. Dkt. 208. The parties cross-appealed, id. dkts. 212 & 224, and, on March 23, 2016, the Ninth Circuit ruled in favor of Trustees, determining that the Court had erroneously failed to give preclusive effect to the 2006 arbitration award, id. dkt. 262. The Ninth Circuit remanded for further proceedings regarding the amount of the monetary judgment for Trustees. Id. dkt. 262. On June 6, 2016, plaintiffs filed a motion for judgment based upon the Ninth Circuit's ruling. Id. dkt. 271.

On December 30, 2013, Trustees filed a substantially similar action alleging that SEC has failed to make required trust fund contributions for the period from January 1, 2010, through March 31, 2015. Case No. 13-cv-09545-CAS ("the Second Action"). The parties engaged in settlement negotiations and repeatedly agreed to continuances in the Second Action so that the parties could resolve both cases.

On December 12, 2016, Trustees filed identical motions for enforcement of settlement and entry of judgment in both the First and the Second Action. First Action Dkt. 289; Second Action Dkt. 73. On December 19, 2016, defendant filed an opposition in both actions. On December 23, 2016, Trustees filed a reply in both actions. On January 9, 2017, the Court heard oral argument regarding Trustees' motions for enforcement of settlement.

Trustees' motions for enforcement of settlement of both actions were predicated upon a Memorandum of Understanding executed on September 9, 2016, by plaintiffs' counsel, Marija Decker, and Gregory Partridge, Vice President of Smith-Emery of San Francisco, who signed on behalf of SEC. In its entirety, the Memorandum of Understanding states:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (VBKx) | Date | August 14, 2017 |
| | 2:13-cv-09545-CAS (VBKx) | | |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

MOU

Trustees of operating engineers, et al. vs. Smith Emery Company

A) $1.6 million total settlement amount
B) Stipulated judgments to be held in trust for:
    1) $310,408.41 + 5% interest over 10 years
    2) $1,289,591.59 + 5% interest over 10 years.
C) 5% interest on settlement amount
D) 10 years payment period
E) Audit period between April 2015 through September 30, 2016 for testing and inspection on post-installed anchor bolt, clerical errors, and other items consistent w/ 2010-2015 audit.
F) 90 day period to cure and bring current, interest on principal to continue to accrue during cure period.
G) Monthly payment terms; 120 total payments at $ 16,970.48 / month.

| [signed] Marija Kristich Decker | 9/9/2016 |
| | Date |

| [signed] Gregory Partridge | 9/9/2016 |
| | Date |

See First Action Dkt. 291, Decker Decl. Ex. A (the "MOU").[1]

    On January 19, 2017, the Court ruled that the MOU was a "complete and enforceable agreement," settling both the First Action and the Second Action. Dkt. 301 ("Settlement Order") at 14. As a result, the Court ordered that:

---

[1] All of the briefing and filings relevant here appear to have been filed in both the First and Second Action. For simplicity, unless otherwise noted, all subsequent references to docket numbers are to those in the First Action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (VBKx) | Date | August 14, 2017 |
| | 2:13-cv-09545-CAS (VBKx) | | |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

> Plaintiffs shall prepare forms of judgment that provide for installment payments of the stipulated settlement amounts and plaintiffs are directed to hold the judgments in trust until further order of court. Plaintiffs shall also lodge with the court judgments dismissing the actions with prejudice and providing that notwithstanding the entry of the dismissal, the court shall retain continuing jurisdiction over the parties to enforce the agreement contracted in the MOU.

Id. at 17-18.

On January 9, 2017, defendant filed a motion for a stay in these cases. Dkt. 297. On February 2, 2017, the Court denied the requested stay, noting that there was no need for a stay "because the parties have settled this action. Further proceedings here will turn upon whether or not either party breaches its obligations pursuant to the settlement agreement." Dkt. 304.

On January 27, 2017, plaintiffs lodged a proposed order of dismissal with prejudice. Dkt. 303. The proposed order set forth the terms of the MOU. It also stated:

> **IT IS FURTHER ORDERED** that pursuant to the MOU Smith-Emery Company shall pay the Trustees ONE MILLION SIX HUNDRED THOUSAND AND 00/100 DOLLARS ($1,600,000.00) plus interest thereon at the rate of five percent (5%) per annum accruing from October 1, 2016 ("settlement sum"), by paying the Trustees the amount of SIXTEEN THOUSAND NINE HUNDRED SEVENTY AND 48/100 DOLLARS ($16,970.48) on or before November 1, 2016, and a like amount on or before the first (1st) day of each month thereafter for a total of 120 months or until the settlement sum is paid in full.
>
> If Smith-Emery Company fails to make the required monthly payments or otherwise fails to comply with any provision of the MOU, then Smith-Emery Company will be in default and the principal amount of $1,600,000.00, plus interest thereon at 5% per annum accruing from October

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (VBKx) | Date | August 14, 2017 |
| | 2:13-cv-09545-CAS (VBKx) | | |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

1, 2016, less all payments received by the Trustees shall become immediately due and owing to the Trustees, and the Trustees shall have the unconditional right to proceed to lodge the Judgments and proceed to execute upon the Judgments entered in Case No. CV09-01476 CAS (VBKx) and Case No. CV13- 09545 CAS (VBKx).

Dkt. 303-1 ("Proposed Order").

On February 17, 2017, SEC filed objections to the Proposed Order wherein SEC argued that the Proposed Order contained language that could not have derived from the MOU and which was, in part, at odds with the terms of the MOU. Dkt. 305. Also on February 17, 2017, SEC filed a notice of appeal of the Settlement Order. Dkt. 307.

On May 5, 2017, SEC filed the above-captioned motion for reconsideration of the Settlement Order. Dkt. 312.. On May 15, 2017, Trustees filed an opposition. Dkt. 314. On May 22, 2017, SEC filed a reply in support of its motion for reconsideration. Dkt. 317.

On July 17, 2017, Trustees filed a motion for entry of judgment against SEC. Dkt. 319. On July 24, 2017, SEC filed an opposition. Dkt. 323. On July 31, 2017, Trustees filed a reply. Dkt. 324.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. DISCUSSION

### A. The Motion for Reconsideration

#### 1. Jurisdiction

As an initial matter, neither party addresses whether this Court retains jurisdiction to determine defendant's Rule 60 motion. It appears that defendant's appeal of the Settlement Order may have divested this Court of jurisdiction. See McClatchy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        'O'

| Case No. | 2:09-cv-01476-CAS (VBKx) | Date | August 14, 2017 |
|---|---|---|---|
| | 2:13-cv-09545-CAS (VBKx) | | |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union, 686 F.2d 731, 734 (9th Cir. 1982), amended sub nom. (9th Cir. Sept. 22, 1982) ("The filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed."). However, the jurisdictional divestiture is a "judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time. It should not be employed to defeat its purposes nor to induce needless paper shuffling." Kern Oil & Ref. Co. v. Tenneco Oil Co., 840 F.2d 730, 734 (9th Cir. 1988) (quoting 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 203.11, at 3–45 n. 1 (2d ed. 1987)). Thus, the general rule of jurisdictional divestiture should not be applied to defeat its own purposes here.

On appeal, the Ninth Circuit Court of Appeals has stated:

> A review of the district court docket reveals that the district court has not entered a final judgment in this appeal, and appellant's objections to the proposed final judgment remain outstanding. See 28 U.S.C. § 1291.
>
> Within 21 days after the date of this order, appellant shall show cause why this appeal should not be held in abeyance pending the district court's entry of a final judgment. If appellant elects to show cause, a response may be filed within 10 days after service of the memorandum.

Case No. 17-55240 dkt. 4. In response, both Trustees and SEC have filed briefs agreeing that the Settlement Order is "likely" *not* appealable and that the appeal should be held in abeyance pending resolution of SEC's objections to the Proposed Order and resolution of the instant motion for reconsideration. Id. dkts. 8, 9. No further entries appear in the appellate docket. Thus, proceedings in SEC's appeal here plainly indicate that the Court should resolve the motion for reconsideration on its merits. Although the Ninth Circuit Court of Appeals has not issued a responsive order placing the appeal in abeyance, the parties' consensus that the appeal be held in abeyance pending issuance of a final judgment here weigh in favor of resolving the matters presently before the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' |
| Case No. | 2:09-cv-01476-CAS (VBKx) | Date | August 14, 2017 |
| | 2:13-cv-09545-CAS (VBKx) | | |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

Denial of the motion for reconsideration for lack of jurisdiction would needlessly waste time. Accordingly, the Court proceeds to evaluate the merits of SEC's motion for reconsideration.

### 2. Legal Standards

Under Federal Rule of Procedure 60(b), the court may grant reconsideration of a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "Of course, in any 'newly discovered evidence' situation there is the vital discretion element in which the Judge inescapably has to measure the impact of the 'new' against the whole record." Laguna v. Royalty Co. v. Marsh, 350 F.2d 817, 824 n.13 (5th Cir. 1965). Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond [her] control that prevented [her] from proceeding with the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006). "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court[.]" Casey v. Albertson's Inc., 362 F.3d 1254, 1257 (9th Cir. 2004).

Under Central District Civil Local Rule 7–18, "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." See C.D. Cal. L.R. 7–18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (VBKx) | Date | August 14, 2017 |
| | 2:13-cv-09545-CAS (VBKx) | | |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

### C. Analysis

The issue addressed in the Court's Settlement Order was whether the MOU executed in September 2016 was an enforceable settlement of these actions. SEC argues that Trustees' January 2017 Proposed Order contains terms outside the scope of the MOU and inconsistent with the MOU. Thus, according to SEC, plaintiffs' Proposed Order comprises "new evidence" that the MOU was not an enforceable settlement. SEC argues that the MOU lacked necessary, material terms because the Proposed Order contains (1) a date from which interest on the settlement amount should begin to accrue (October 1, 2016); (2) a date on which the first monthly payment towards the settlement amount was to due (November 1, 2016); and (3) an acceleration clause requiring immediately payment of any remaining premiums and interest if SEC should default.

The Proposed Order was filed over four months after the parties jointly executed the MOU, providing for the settlement of these actions. Thus, the Court shares plaintiffs' doubt that the Proposed Order could comprise "new evidence" regarding whether there was a meeting of the minds in September 2016 to settle these cases. Defendant is correct that the MOU does not expressly state either date contained in the Proposed Order, nor does the MOU include an acceleration clause. However, the Court was well aware of those facts (and SEC argued them) at the time the Settlement Order issued. Even assuming that the terms of Proposed Order reveal something new about the terms of the MOU, the missing terms about which SEC complains do not render the MOU unenforceable.

As for the accrual of interest, SEC presents a series of rhetorical questions purportedly illustrating that the date on which interest begin to accrue is a necessary, material term for the MOU to be enforceable. Dkt. 312 at 14 ("Did the Parties intend for interest to start in six months, one year, or even later? Was the intent for interest to begin accruing immediately? Would the interest accrual start dates be tied to any other factors such as SEC's financial circumstances? No one knows the answers to these essential questions because no such date exists or is even contemplated in the MOU."). However, the MOU indicates that interest should commence in the month preceding SEC's first monthly payment. The MOU states that the settlement amount will be paid in 120

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (VBKx) <br> 2:13-cv-09545-CAS (VBKx) | Date | August 14, 2017 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

monthly payments of $16,970.48. There was good reason for the MOU's inclusion of such a precise monthly payment amount – $16,970.48 is exactly the amount that would be owed each month if $1,600,000 (the "total settlement amount") were to be paid off in 120 equal monthly payments accruing "5% interest [annually] on [the] settlement amount," if interest begins accruing during the month preceding the first payment. There does not appear to be any other plausible basis for including a $16,970.48 monthly payment plan in the MOU. Thus, there is no uncertainty in the MOU as to whether interest should accrue "six months, one year, or even later;" it accrues immediately and without reference to "SEC's financial circumstances." Therefore, the only relevant date is the date by which SEC must make its first monthly payment.

Although the MOU does not include a specific date, the absence of an exact date for SEC's first payment does not render the MOU unenforceable. See Hastings v. Matlock, 171 Cal. App. 3d 826, 837–38, 217 Cal. Rptr. 856 (Ct. App. 1985) ("The [defendants] contend that the settlement agreement cannot be specifically enforced because it is fatally uncertain in material terms. Specifically, they complain that the agreement contains no provision governing the time and method of the [] payment. This argument is specious. . . . [T]he law nevertheless would imply a reasonable time, and 'this implied time element does not render the contract uncertain or unenforceable.'" (quoting San Francisco Hotel Co. v. Baior, 189 Cal. App. 2d 206, 213, 11 Cal. Rptr. 32 (Ct. App. 1961)); Fosson v. Palace (Waterland), Ltd., 78 F.3d 1448, 1453 (9th Cir. 1996) ("where no time limit is specified for the performance of an act, reasonable time is implied"); Cal. Civ. Code § 1657. Thus, not only were the terms of the MOU apparent at the time of the Settlement Order, but, in light of the foregoing, there were sound reasons for concluding that the MOU is an enforceable agreement, notwithstanding its lack of payment dates.

Nor does SEC seriously contend that the absence of an acceleration clause renders the MOU unenforceable. There is certainly no requirement that parties reaching a monetary settlement paid in installments include an acceleration clause; nor does SEC cite any authority suggesting otherwise. Insofar as the Proposed Order might be construed to include such a provision – it is of no legal effect. As plaintiffs' aptly observe in their opposition, "the proposed order submitted by the Trustees is just that -- a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (VBKx) | Date | August 14, 2017 |
| | 2:13-cv-09545-CAS (VBKx) | | |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

proposed order. The Court will enter whatever order it deems to be consistent with the MOU." Dkt. 314 at 4.

In its motion for reconsideration, SEC advances numerous additional arguments unrelated to its purported "new evidence," namely, (1) enforcing the MOU does not resolve the parties' ongoing disputes about SEC's obligations under the CBA; (2) resolving the merits of the parties' dispute would "benefit the public and the parties;" (3) if this action has been settled, SEC will have to take other actions to resolve disputes about its CBA and licenses elsewhere; and (4) SEC recently discovered that, by settling this action, it risks losing a line of credit used for operations. See Dkt. 312 at 5-12. At bottom, these arguments are unrelated to whether the MOU is unenforceable or whether SEC has settled these actions. SEC appears to argue that it is unhappy with the bargain it made and, for various reasons, wishing it had not settled; however, that does not provide a basis for reconsideration of the Settlement Order.

In accordance with the foregoing, SEC's motion for reconsideration is **DENIED**.

### B.  Motion for Entry of Judgment

In their motion for entry of judgment, Trustees argue that SEC has defaulted on its monthly payment obligations under the MOU and that, pursuant to the MOU, a judgment should be entered in each action against SEC. As discussed above, the MOU impliedly required SEC to make its first monthly payment within a reasonable amount of time after the execution of the MOU. SEC argues that any implied deadline would be "inherently unreasonable" because the Court has not, in SEC's view, entered "an order enforcing the MOU" and "whether the MOU is an enforceable agreement is still being litigated." Dkt. 323 at 2. SEC's argument is without merit.

Whatever the reasonable timing implied by the MOU, it has nothing to do with the instant motions or the fact that SEC disputes whether the MOU is an enforceable contract. The "time for performance implied by law is objective and based on the circumstances of the transaction[] . . . ." United States v. Glob. Metals Corp., No. 13-cv-09208-MMM, 2015 WL 12661913, at *7 (C.D. Cal. Jan. 12, 2015). "If no time is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (VBKx) | Date | August 14, 2017 |
| | 2:13-cv-09545-CAS (VBKx) | | |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

specified for the performance of an act required to be performed, a reasonable time is allowed. If the act is in its nature capable of being done instantly--as, for example, if it consists in the payment of money only--it must be performed *immediately upon the thing to be done being exactly ascertained*." Cal. Civ. Code § 1657 (emphasis added). Insofar as SEC contends that its obligation to pay $16,970.48 per month will not be "exactly ascertained" until the Court resolves whether the MOU is enforceable, the Court resolved that question on January 19, 2017, when it issued the Settlement Order.

What constitutes a reasonable time for performance is ordinarily a question of fact. Henry v. Sharma, 201 Cal. Rptr. 478, 481 (Ct. App. 1984). However, the parties do not dispute the "circumstances of the transaction[]" here. Glob. Metals Corp., 2015 WL 12661913. At *7. Neither party has requested a hearing to offer evidence about the reasonable amount of time they anticipated when they executed the MOU. Instead, the parties appear to agree that the instant motion should be resolved based upon the undisputed language of the MOU and the undisputed fact that it was executed at the conclusion of a settlement conference on September 9, 2016.

Although the fact that SEC would owe $16,970.48 per month for 120 months was certain at the time SEC executed the MOU, that obligation has been disputed. Because those payments were definite and were not contingent, the Court resolves the issue by construing the MOU and the date when the obligation will commence to make payments as the date on which the Court enters the judgment herein.

In light of the foregoing, the Court finds entry of judgment in plaintiffs' favor appropriate in both actions. Those judgments will issue separately in each case.[2]

---

[2] The proposed judgments filed by plaintiffs here and evidently held in trust since the Settlement Order issued do not, as instructed, provide for installment payments of the stipulated settlement amount. Accordingly, the Court has altered the proposed judgments to comply with the terms of the MOU. For the foregoing reason, the Settlement Order instructed plaintiffs to "prepare forms of judgment that provide for *installment payments of the stipulated settlement amounts* . . . ." Settlement Order at 17-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:09-cv-01476-CAS (VBKx) | Date | August 14, 2017 |
| --- | --- | --- | --- |
| | 2:13-cv-09545-CAS (VBKx) | | |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

## III. CONCLUSION

Defendant's motion for reconsideration is **DENIED**.

Plaintiffs' motion for entry of judgment is **GRANTED**.

IT IS SO ORDERED.

|  | 00 | 00 |
| --- | --- | --- |
| Initials of Preparer | CMJ | |