# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:09-cv-01476-CAS (AJWx) | Date | July 15, 2019 |
|---|---|---|---|
|  | 2:13-cv-09545-CAS (VBKx) |  |  |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                              Not Present

**Proceedings:** (IN CHAMBERS) - PLAINTIFFS' MOTION TO ENFORCE MEMORANDUM OF UNDERSTANDING (Filed June 3, 2019, Case No. 2:09-cv-01476, Dkt. 406)

PLAINTIFFS' MOTION TO ENFORCE MEMORANDUM OF UNDERSTANDING (Filed June 3, 2019, Case No. 2:13-cv-09545, Dkt. 192)

## I. INTRODUCTION

On March 2, 2009, plaintiffs Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation Holiday Savings Trust, and Trustees of the Operating Engineers Training Trust ("Trustees" or "Trusts") initiated this suit to collect ERISA trust fund contributions from defendant Smith-Emery Company ("SEC"), pursuant to 29 U.S.C. §§ 1132(g) and 1145 (§ 515 of ERISA). Case No. 2:09-cv-01476-CAS (the "First Action"). On December 30, 2013, the Trustees filed a substantially similar action alleging that SEC failed to make required trust fund contributions for a subsequent period of time. Case No. 13-cv-09545-CAS (the "Second Action").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (AJWx)<br>2:13-cv-09545-CAS (VBKx) | Date | July 15, 2019 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

On September 9, 2016, the parties signed a handwritten memorandum of understanding to settle the two cases. Dkt. 291-1 ("MOU").[1] On December 12, 2016, the Trustees filed motions to enforce the settlement, which the Court granted on January 19, 2017. Dkts. 289, 301. On August 21, 2017, after SEC failed to make payments under the settlement agreement, the Court entered judgment for the Trustees. Dkt. 330.

On August 13, 2018, SEC filed motions to vacate the judgment in both the First and Second Action. Dkt. 353-1. The Court denied SEC's motions on November 14, 2018. Dkt. 395.

On May 13, 2019, the Court held a telephone status conference wherein the Trustees contended that SEC was not in compliance with the audit provision of the MOU. Dkt. 405. The Court ordered further briefing. Id. On June 3, 2019, the Trustees filed the instant motion to enforce the MOU. Dkt. 406 ("Mot."). SEC filed an opposition on June 24, 2019. Dkt. 411 ("Opp'n"). Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

### A. The Parties

SEC is a company that has performed construction inspection work on a number of major projects throughout California. SEC employs Building/Construction Inspectors ("BCIs") to complete these inspection tasks. Smith Emery Laboratories ("SEL") was a division of SEC but subsequently became a separate corporate entity in 1999. SEL employs laboratory technicians who perform various materials tests on construction projects.

In 1969, the National Labor Relations Board certified SEC's field inspectors but excluded laboratory employees. Thereafter, the International Union of Operating Engineers, Local Union No. 12 ("Local 12") and SEC entered into a series of collective

---

[1] All the briefing and filings relevant here have been filed in both the First and Second Action. For simplicity, unless otherwise noted, all subsequent references to docket numbers are to those in the First Action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (AJWx) <br> 2:13-cv-09545-CAS (VBKx) | Date | July 15, 2019 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

bargaining agreements. Pursuant to these agreements, SEC must pay fringe benefit contributions for the hours worked by covered employees. These actions concerned the relevant collective bargaining agreements (collectively, "CBA") covering the period from March 1, 2003 until March 31, 2015, pursuant to which the Trustees claimed SEC owed additional contributions.

### B.  Previous Audits

On June 5, 2008, the Trustees attempted to conduct an audit of SEC, but SEC did not provide all the records requested by the Trustees. Dkt. 18 at 1–2. On December 23, 2009, the Trustees filed a motion to compel the production of those records in the First Action. Id. at 1. The Trustees argued that the records they sought would allow their auditor "to verify all hours worked by or paid to employees or individuals working for [SEC] and performing work covered by the collective bargaining agreement." Id. at 5. The Trustees also explained that the relevant CBA prohibited SEC from allowing subcontractors not bound by the CBA to perform covered work and that their auditor routinely "review[s] records to uncover whether employers have improperly employed non-union subcontractors (sub-employers) to perform covered work." Id. at 6. SEC refused to participate in the meet and confer process and to prepare a joint stipulation. Dkt. 22 at 1. On January 19, 2009, Magistrate Judge Victor B. Kenton held a hearing and concluded that the Trustees were entitled to the discovery sought. Dkt. 23.

And on March 20, 2015, the Trustees filed a motion to compel in the Second Action seeking documents in connection with an audit of SEC covering the period of January 1, 2010 through December 31, 2014. Second Action Dkt. 35 at 2–3. According to the Trustees, SEC refused to provide their auditor with access to all payroll and related business records for the entire audit period. Id. at 3. SEC responded by arguing that the Trustees were abusing the discovery process by seeking to enforce their audit rights through an action to recover fringe benefit contributions. Id. at 4–5. Judge Kenton granted the Trustees' motion on April 7, 2015 after finding that SEC's arguments were "frivolous." Dkt. 39 at 1. He noted that he was "troubled by what seems quite clearly to be an unnecessary years' worth of wrangling between counsel to get these documents produced." Id. SEC subsequently produced over 161,207 pages of documents, which the Trustees' auditor reviewed in completing the audit. See, e.g., Dkt. 47 at 2; Dkt. 48 at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (AJWx)<br>2:13-cv-09545-CAS (VBKx) | Date | July 15, 2019 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

On May 4, 2016, the Trustees' auditor sent the results of the audit covering the period of January 1, 2010 through March 2015 to SEC's counsel. Dkt. 408-2 at 1 (the "2010–2015 Audit Report"). In the 2010-2015 Audit Report, Local 12 claimed the following hours for the following reasons: (A) 736 hours due to clerical errors; (B) 40 hours for unreported vacation hours; (C) 232 hours based on SEC's failure to comply with provisions of the sub-employer clause; and (D) 6,057 hours for proof load tests, pull tests, torque tests, pull/torque tests, steel shop inspections, rebar inspections, and Lab Tech Away based on SEC's failure to comply with provisions of the sub-employer clause of the CBA with respect to SEL. Id. at 3–4.

### C. Enforcement of the Parties' Settlement and Entry of Judgment

The parties attended two settlement conferences on July 19, 2016 and September 9, 2016. At the conclusion of the September 9, 2016 settlement conference, SEC and the Trustees signed a handwritten MOU. In its entirety, the MOU provided:

MOU

Trustees of operating engineers, et al. vs. Smith Emery Company

A) $1.6 million total settlement amount
B) Stipulated judgments to be held in trust for:
   1) $310,408.41 + 5% interest over 10 years
   2) $1,289,591.59 + 5% interest over 10 years.
C) 5% interest on settlement amount
D) 10 years payment period
E) Audit period between April 2015 through September 30, 2016 for testing and inspection on post-installed anchor bolt, clerical errors, and other items consistent w/ 2010–2015 audit.
F) 90 day period to cure and bring current, interest on principal to continue to accrue during cure period.
G) Monthly payment terms; 120 total payments at $16,970.48/month.

MOU at 1. A few months later, SEC contended that the MOU was not enforceable, and on December 12, 2016, the Trustees filed motions for enforcement of settlement in both

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (AJWx)<br>2:13-cv-09545-CAS (VBKx) | Date | July 15, 2019 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

the First and the Second Action. Dkt. 289. On January 19, 2017, the Court granted the Trustees' motions for enforcement of the settlement and ruled that the MOU was a "complete and enforceable agreement" which implicitly included a release of the Trustees' claims asserted in those actions. Dkt. 301.

### III. LEGAL STANDARD

Local law governs the construction and enforcement of settlement agreements. See United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992) (citation omitted). "A settlement agreement is treated as any other contract for purposes of interpretation." Id. Under California law, the objective intent of the parties—as manifested in the agreement and by surrounding conduct—determines the meaning of the contract. Id. (citing Cal. Civ. Code §§ 1636, 1638).

### IV. DISCUSSION

The Trustees contend that SEC has breached the MOU by failing to provide the following documents in response to requests from the Trustees' auditor:

- A complete job list, or in the alternative, copies of all contracts and subcontracts for work performed;
- unredacted copies of certified payroll records for all projects;
- unredacted copies of all billing invoices, supporting time tickets, and related inspection records for work subcontracted to SEL; and
- unredacted vendor history reports, supporting time tickets, and related inspection reports for various third parties.

Mot. at 4–8; Dkt. 408-4. The Trustees argue that that their auditor is entitled to review these records to verify whether payroll and related records were provided for all work covered by the CBA between April 2015 and September 30, 2016 ("MOU Audit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:09-cv-01476-CAS (AJWx) <br> 2:13-cv-09545-CAS (VBKx) | Date | July 15, 2019 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

Period"), including work that was subcontracted to other entities in violation of the CBA's subcontracting provision.[2]

    The MOU provides for an "[a]udit period between April 2015 through September 30, 2016 for testing and inspection on post-installed anchor bolt, clerical errors, and other items consistent w/ 2010–2015 audit." MOU at 1. The "2010–2015 audit" in the MOU refers to the audit performed by the Trustees' auditor, a report of which was provided to SEC on May 4, 2016. Dkt. 408, Declaration of Bernardo Ramos ¶ 13. The Trustees' auditor stated in his declaration that "[a]ll of the categories of documents [now] requested by the Trusts are documents I reviewed in the previous two audits, i.e. in the First Action and the Second Action, when I performed the audits of SEC." Dkt. 407, Declaration of Michael Babel ("Babel Decl.") ¶ 15. The Court has reviewed the evidence provided by the parties and sees no reason to doubt the accuracy of Babel's representation. Accordingly, the Court finds that, pursuant to the MOU, SEC must produce the records requested by the Trustees' auditor because they are consistent with the records that were reviewed during the 2010–2015 audit. As explained below, the Court is not persuaded by any of SEC's arguments for why it is not required to provide the requested records to the Trustees' auditor.

    First, SEC argues that the scope of the 2010–2015 audit should be limited to those documents that SEC voluntarily disclosed during the audit process and should not include

---

[2]     SEC notes that the Trustees initially requested records from the time period subsequent to the MOU Audit Period and argues that those records are not required to be produced under the MOU. Opp'n at 4. The Trustees explain that they initially asked for records from April 1, 2015 through the present to avoid running into statute of limitations issues, mot. at 4, but it is unclear whether records concerning work performed after the MOU Audit Period are the subject of the instant motion. Although the CBA may allow the Trustees to audit records concerning work performed after the MOU Audit Period, the issue before the Court is whether SEC has complied with the terms of the MOU. Accordingly, the Court does not reach the issue of whether SEC must produce records related to work performed after the MOU Audit Period.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (AJWx) <br> 2:13-cv-09545-CAS (VBKx) | Date | July 15, 2019 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

those records that SEC was compelled to produce during discovery. Opp'n at 5. The Court is not persuaded by this argument because the Trustees' auditor reviewed the documents that SEC was compelled to produce when completing the 2010–2015 audit. See, e.g., Dkt. 47 at 2; Dkt. 48 at 1. The Court thus sees no reason to distinguish between those records that SEC voluntarily provided and those that SEC was compelled to provide through discovery.

SEC also argues that it does not maintain a job list and therefore cannot produce one. Opp'n at 5. SEC however, does not contest that it has contracts and subcontracts which would also show what jobs were performed during the MOU Audit Period. In light of the auditor's representation that he must review these contracts to verify whether SEC has provided all payroll records for the MOU Audit Period and the fact that similar documents had been produced in the 2010–2015 audit, Babel Decl. ¶¶ 7, 15, the Court finds that SEC must produce the contracts and subcontracts requested by the Trustees.

Next, SEC argues that it is not required to provide copies of any records reflecting work performed on projects that did not involve schools or hospitals, or work that was not performed by its bargaining unit employees. Opp'n at 6. The MOU, however, did not explicitly limit the audit to school and hospital projects, nor did it explicitly limit the audit to work performed by SEC's bargaining unit employees. Moreover, the Trustees' auditor who performed the 2010–2015 audit stated in his declaration that the 2010–2015 audit "was not limited to school and hospital projects, and it did include claims based on covered work SEC subcontracted to others in violation of the subcontracting clause." Babel Decl. ¶ 16. Accordingly, SEC cannot limit its production to only projects involving schools or hospitals, or work performed by its bargaining unit employees.

Finally, SEC argues that it should not be required to produce records related to third parties who have no contributory obligations under the CBA. Opp'n at 7. The Trustees' auditor explains that in order to conduct a thorough audit, he is required to review these records to determine whether the payments that SEC made to those third parties were for covered work subcontracted to or through those entities. Babel Decl. ¶ 12. Babel also represents that these documents are consistent with those that he reviewed during the 2010–2015 audit. Id. ¶ 15. The Court finds that SEC must produce the requested records relating to payments made to third parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**

| Case No. | 2:09-cv-01476-CAS (AJWx) <br> 2:13-cv-09545-CAS (VBKx) | Date | July 15, 2019 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

The Court hereby orders SEC to produce the records that are the subject of the instant motion, namely records requested by the Trustees' auditor covering the period of April 1, 2015 through September 30, 2016. The Court reserves ruling on the Trustees' request for sanctions until the conclusion of the Trustees' audit pursuant to the MOU.[3]

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the Trustees' motions to enforce the MOU. The Court reserves ruling on the Trustees' request for sanctions until the conclusion of the audit that is the subject of these motions.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | | CMJ |

---

[3] SEC also devotes half of its opposition brief to arguing that the subcontracting clause in the CBA is illegal but does not connect this argument to the issues before the Court—namely, the scope of the 2010–2015 audit and whether the records requested by the Trustees' auditor are consistent with that audit. The Court need not reach this issue because it is irrelevant to the determination of whether the MOU requires SEC to produce the documents requested by the Trustees' auditor.